FILED & JUDGMENT ENTERED
Christine F. Winchester

November 13 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| In re:<br>DONNA LOUISE GREEN,<br>                                                  Debtor(s). | Case No. 24-50151<br>Chapter 13 |
|---|---|
| **ORDER OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION AND CONFIRMING CHAPTER 13 PLAN** | |

THIS CAUSE comes before the court for consideration of the confirmation of the Debtor's, Donna Louise Green's, Chapter 13 plan, as amended, (Docket Nos. 4 and 26)(collectively, the "Plan"), the Objection of Trustee to Confirmation of Plan; Motion to Dismiss (Docket No. 32)(the "Objection"), and the Debtor's Response to the Trustee's Objection to Confirmation (Docket No. 33)(the "Response"). The court finds and concludes as follows:

    1. Based upon the amount of non-exempt equity in her principal residence, the Debtor has proposed a plan that will pay a 100% dividend to general unsecured creditors. The Plan further proposes to pay interest on priority tax claims at the rate of 8% per annum and interest on general unsecured claims "at the federal judgment rate as in effect on the Petition Date of 5.03% per annum."[1]

    2. In his Objection, the Trustee sets forth three objections[2] to the confirmation of the Debtor's Plan: (a) that the Plan amendment (Docket No. 26) was filed after the Trustee has recommended

---

[1] In her Response, the Debtor states that the correct rate in effect as of the petition date was 5.12% and agreed and consented to amending the Plan to correct this interest rate.

[2] The Trustee's Objection also says the Plan amendment does not explain why the proposed payment terms decreased. At the confirmation hearing, the Debtor's counsel explained that he used the reduced interest rates to determine the Debtor's new proposed payment amounts, and the plan payment amount as confirmed ($2360) is more than the amount ($2267) in the Plan amendment to account for the filed claims in this case.

confirmation and, thus, the Debtor should have filed a motion to modify rather than an amendment to the Plan; (b) that the interest rate proposed to be paid should be the *Till* rate;[3] and (c) that the Debtor has not paid sufficient first monies.[4]

3. The Debtor, in her Response, disagrees with Trustee's first and second objections.

4. The court received arguments from the Trustee and Debtor's counsel on October 4, 2024 and took this matter under advisement. The court, having reviewed the pleadings and applicable statutory and case law, announced its decision in open court on November 1, 2024, as follows:

## AMENDMENT OF THE PLAN

5. Pursuant to 11 U.S.C. § 1323, "[t]he debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1322 of this title."

6. The fact that the Trustee has "recommended confirmation" of the Plan as previously proposed does not abrogate the Debtor's statutory right to amend the Plan until confirmation has occurred. Accordingly, filing an amendment to the Plan is the appropriate method for amending the Plan until the confirmation order is actually entered. Despite a prior recommendation of confirmation, the Trustee, like every party with standing, has the right to object to the proposed amendment(s) if they do not meet the statutory requirements of sections 1322 and 1325.

## APPROPRIATE RATE OF INTEREST

7. The court has reviewed both its Local Rules and the *Till* opinion and finds those inapplicable to the Debtor's proposed Plan. Local Rule 3001-2 sets forth that the default rate of interest on secured claims is the *Till* rate. Local Rule 3001-2(f) further provides that the applicable rate of interest on ad valorem property tax claims is 9% per annum. The Local Rules do not address the applicable rate of interest on priority tax claims (other than ad valorem taxes) or general unsecured claims. The Debtor has one secured claim and has proposed the *Till* rate of interest for that claim.

8. The *Till* opinion itself is limited to secured claims where the Debtor is attempting to "cram down" a secured lender, such as an automotive claim.

9. Pursuant to 11 U.S.C. § 511:

> (a) If any provision of this title requires the payment of interest on a tax claim … the rate of interest shall be the rate determined under applicable nonbankruptcy law.

---

[3] Based on *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

[4] At the confirmation hearing, the Trustee stated that the Debtor caught up her payments after he filed his Objection and was then current on her plan payments.

2

    (b) In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

10. Pursuant to 26 U.S.C. § 6621 and I.R.B. 2024-10, the applicable rate of interest on underpayments of federal taxes as of the petition date of April 25, 2024 (2nd Quarter 2024) was 8% and, therefore, the 8% interest rate proposed in the Debtor's plan is the proper rate to be applied.

11. Likewise, pursuant to N.C. GEN. STAT. § 105-241.21 and information publically available on the North Carolina Department of Revenue's website at https://www.ncdor.gov/interest, the applicable rate of interest on underpayments of state taxes as of the petition date was 8% and, therefore, the 8% interest rate proposed in the Debtor's plan is the proper rate to be applied.[5]

12. Pursuant to 11 U.S.C. § 1325(a)(4), in order to be confirmed, the plan is required to provide that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

13. Pursuant to 11 U.S.C. § 726(a)(5), in what would be a "surplus" case under Chapter 7, the general unsecured creditors are entitled to interest "at the legal rate from the date of filing of the petition." That "legal rate" is the federal judgment rate in effect as of the petition date. *In re Cardelucci*, 285 F.3d 1231 (9th Cir. 2002); *In re Garriock*, 373 B.R. 814 (E.D. Va. 2007); *In re Godsey*, 134 B.R. 865 (Bankr. M.D. Tenn. 1991); *see* 28 U.S.C. § 1961.

14. The federal judgment rate as of the petition date was 5.12% per annum. *See* https://www.casb.uscourts.gov/post-judgment-interest-rates-2024. And the Debtor has stipulated to amending the rate set forth in the Plan to this amount.

## PAYMENTS

15. The Trustee has stated that the Debtor is now current on her Chapter 13 plan payments. The Trustee and Debtor's counsel agree that the plan payments do require adjustment to account for claims filed in amounts higher than estimated with the new payment, beginning in November 2024, to be $2,360 per month.

Based upon the foregoing, the court concludes that the Trustee's objections to confirmation should be overruled and the Debtor's Chapter 13 Plan, as amended, should be confirmed.

---

[5] While section 511 refers to the interest rate at the time of confirmation and the Debtor asserted the interest rate as of her petition date, the court notes that the relevant federal and state interest rates for tax claims were still 8% when it confirmed this case on November 1. *See* https://www.irs.gov/irb/2024-37_IRB; https://www.ncdor.gov/interest. The court also acknowledges the difficulty of proposing and analyzing a Chapter 13 plan when the parties do not know when it will be confirmed and may not know which interest rate to apply.

NOW, THEREFORE, it is ORDERED as follows:

1. The Trustee's Objection is overruled; and

2. The Debtor's Chapter 13 Plan, as amended, is hereby confirmed, with payments adjusted to sums paid in as of October 31, 2024, then $2,360 per month commencing in November 2024 and continuing for a total of 54 months, for an estimated dividend of 100% to general unsecured creditors.

*This Order has been signed electronically.*  *United States Bankruptcy Court*
*The Judge's signature and Court's seal appear*
*at the top of this Order.*